# EXHIBIT A

**MAINE JUDICIAL BRANCH**

JAN VAN ECK _____ Plaintiff

V.

AUCTION.COM, INC, Defendant
c/o CSC - LAWYERS INCORPORATING Address SERVICE
2710 GATEWAY OAKS DR. SUITE 150N
SACRAMENTO CA
95833-3505

c/o Secretary of State, Maine, Agent

"X" the court for filing:
☒ Superior Court ☐ District Court
County: KNOX
Location (Town): ROCKLAND
Docket No.: RoCSC-CV-24-00012

c/o ~~Corporation Service Co.~~
~~45 Memorial Circle~~
~~Augusta, Maine~~

**SUMMONS**
M. R. Civ. P. 4(d)

The Plaintiff has begun a lawsuit against you in the ☐ District ☒ Superior Court, which holds sessions at (street address) 62 UNION STREET, in the Town/City of ROCKLAND, County of KNOX, Maine. If you wish to oppose this lawsuit, you or your attorney **MUST PREPARE AND SERVE A WRITTEN ANSWER** to the attached Complaint **WITHIN 20 DAYS** from the day this Summons was served upon you. You or your attorney must serve your Answer by delivering a copy of it in person, by mail, or by email to the Plaintiff's attorney, whose name and address, including email address appear below, or by delivering a copy of it in person or by mail to the Plaintiff, if the Plaintiff's name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to: Clerk of ☐ District ☒ Superior Court,

62 UNION ST., ROCKLAND, Maine 04841
(Mailing Address)   (Town, City)   (Zip)

before, or within a reasonable time after, it is served. Court rules governing the preparation and service of Answers are found at www.courts.maine.gov.

**IMPORTANT WARNING**: If you fail to serve an answer within the time stated above, or if, after you answer, you fail to appear at any time the Court notifies you to do so, a judgment by default may be entered against you in your absence for the money damages or other relief demanded in the Complaint. If this occurs, your employer may be ordered to pay part of your wages to the Plaintiff or your personal property, including bank accounts and your real estate may be taken to satisfy the judgment. **If you intend to oppose this lawsuit, do not fail to answer within the requested time.**

If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

Date (mm/dd/yyyy): APR. 29, 2024
JAN VAN ECK
102 MAIN ST.
ST. GEORGE, MAINE 04860
207-542-9761

(☐ Attorney for) Plaintiff
Bar # (if applicable)
Address

Telephone/Email

(Seal of Court)

▶ _____ /s/ Miller _____
Clerk

ADA Notice: The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
Language Services: For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CV-030, Rev. 07/18
Summons

Page 1 of 2


Harry McKenney
Chief Civil Deputy
Kennebec County
Sheriff's Office

www.courts.maine.gov


JUN 11 2024

STATE OF MAINE

_____ County

On (date) _____, I served the Complaint (and Summons, and <u>Notice Regarding Electronic Service</u>) upon Defendant _____ by delivering a copy of the same at the following address:
_____

☐ to the above-named Defendant in hand.

☐ to (name) _____, a person of suitable age and discretion who was then residing at Defendant's usual residence.

☐ to (name) _____, who is authorized to receive service for Defendant.

☐ by (describe other manner of service): _____
_____
_____

Date (mm/dd/yyyy): _____  ▶  _____
                                         Deputy Sheriff Signature

                                         _____
                                         Printed Name

**Costs of Service:**                    _____
                                         Agency

Service:    $ 
Travel:     $ _____
Postage:    $ _____
Other:      $ _____

**Total**   $ _____

---

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CV-030, Rev. 07/18              Page 2 of 2              www.courts.maine.gov
Summons



| | |
|---|---|
| STATE OF MAINE | DOCKET NO: |
| COUNTY OF KNOX | ROCSC-CV-24-00012 |
| JAN VAN ECK | MAINE SUPERIOR COURT |
| Plaintiff, | |
| v. | |
| AUCTION.COM, INC., | |
| a California corporation, | |
| Defendant | APRIL 29, 2024 |

## COMPLAINT

### ALLEGATIONS COMMON TO ALL COUNTS OF THE COMPLAINT

1. At all material times, the non-party Walter Reddy III [hereinafter: "Reddy"] was and is the owner of certain real estate known to the parties as 16 Briar Oak Drive, Weston, CT 06883 [hereinafter: "the Property"]. Reddy is elderly, over the age of 65.

2. Plaintiff JAN VAN ECK is an independent financier and Note Buyer and makes his address at 102 Main Street, Tenants Harbor, Maine 04860.

3. Defendant AUCTION.COM, INC. is upon information a California Corporation incorporated originally on August 23, 1990 under docket no. 1569666. Auction.com, Inc. maintains its principal place of business at 1 MAUCHLY, IRVINE, CA 92618. Auction.com, Inc. maintains an agent for service of process as *CSC – Lawyers Incorporating Service*, 2710 Gateway Oaks Drive, Suite 150N Sacramento, CA 95833-3505.

4. Defendant operates a multi-State internet bidding platform designed and intended to act as a auction-house for the sale and re-sale of real estate throughout the United States, and in particular without limitation the State of Maine, solicits bids from bidders in the State of Maine, solicits and receives postings from the several States of the United States, and has substantial business contacts in and within Maine to subject defendant to the Maine long-arm

Statute for jurisdiction and Service of Process. Defendant advertises on its website that "Our marketplace features properties from all 50 states," an admission of conducting its business activities at least in part within the State of Maine.

5. Venue is proper in the County of Knox as plaintiff resides in the County of Knox and at all material times the ownership and physical location of the Note and the collateral security instrument Mortgage Pledge were within the County of Knox, in the physical possession of plaintiff in the County of Knox.

6. Non-party TERESA BENNETT, who refers to herself as TERI BENNETT, is, upon information and belief, an individual engaged in the unscrupulous resale of other peoples' realty, including that of plaintiff, without the consent of plaintiff and with the intent to divert the sales receipts to yet others, all to inure to her unjust enrichment. Non-party TERESA BENNETT [hereinafter: "Bennett"] masquerades as the "REO SALES DIRECTOR" of the claimed entity SANCHEZ ASSET REALTY, an apparently unincorporated business that in economic substance is the creature and alter-ego of one Luis Sanchez. Bennett and Luis Sanchez operate out of premises at 50 Washington Street, Norwalk, CT 06854.

7. Upon information and belief, during the course of 2009 the property owner REDDY became a defendant in a certain lawsuit brought by the mill law firm Hunt Leibert Jacobson, today merged into McCalla Raymer Leibert Pierce, LLC., of Atlanta, Georgia, ["McCalla"] claiming *inter alia* that the entity Deutsche Bank National Trust Company was the "holder of the Note" relating to the financing of the subject Property herein. That claim was a falsity and the case was dismissed by Order of the Court [Mintz, J.] on October 8, 2010.

8.  Nonetheless, McCalla Raymer filed two additional lawsuits sounding in ejection, seeking to eject the Property Owner from his own Property, based apparently on the original Complaint which the trial court had dismissed.

9.  In actual fact, none of the cases were filed by McCalla on behalf of the stated client Deutsche Bank, and instead were brought on behalf of the entity *Specialized Loan Servicing LLC*. Of Greenwood Village, Colorado [hereinafter: "Specialized"], a disreputable outfit engaged in predator litigation against elderly homeowners.

10. McCalla in turn hired various individuals to break into the Property, change the locks, and remove the furniture and personalty therein, all to the harms, losses and injuries of the Homeowner, and of the Plaintiff.

11. Specialized in turn hired BENNETT with the promise of a fat commission to go "sell" the subject Property, and in turn BENNETT together and in concert with her associate Luis Sanchez and their frontispiece "Sanchez Asset Realty" engaged the services of apparently AUCTION.COM-CT, INC., the alter-ego and frontispiece of defendant AUCTION.COM, INC., or in the alternative defendant Auction.com, Inc. directly, to conduct an internet "auction" of the subject Property, all to inure to the enrichment of BENNETT, SANCHEZ, AUCTION.COM, INC, and Specialized.

12. Commencing with written instructions dated June 15, 2021, defendant BENNETT was informed that Plaintiff was the actual Holder of the Note and that the subject Property was the pledged collateral security by mortgage, secured to that Note. Further, defendant BENNETT was instructed to stay off the Property.

13. Nonetheless, BENNETT together and in concert with others hired one TOM FOLDY [hereinafter: Foldy"] and together and in concert with FOLDY hired the non-party

3

BRADLEY LOCK LLC doing business under the trade name of *W. T. Bradley & Son Locksmiths* to break into the property on February 08, 2024, seize plaintiff's collateral security, change the locks, and seize and remove both the personal goods of the property owner Reddy and of plaintiff herein.

14. Whereupon, BENNETT and her associate SANCHEZ proceeded to engage defendant herein and listed the seized and stolen property on the website of defendant, for which defendant received and anticipated to receive substantial sums all in unjust enrichment, to the harms, losses and injuries of plaintiff and of Reddy.

15. As plaintiff had placed a *lis pendens* upon the subject Property, the successful bidder of that auction declined to close, as defendant was unable to provide clear title nor would any title insurer provide a policy of title insurance upon the stolen property.

16. Whereupon, BENNETT and her alter-ego SANCHEZ REALTY continued to list and re-list the Property with defendant, seeking bids from prospective Buyers for what was being advertised as a "Bank Owned" Property, although BENNETT and SANCHEZ knew that it was untruthful.

17. Plaintiff filed both oral and written Complaints with defendant, and Defendant promised to "conduct an investigation" to the complaints, which asserted inter alia that the attempt to conduct a sale on the auction.com website was a falsity, and that defendant was participating in furthering a fraudulent sale attempt, to the harms, losses and injuries of plaintiff.

18. Notwithstanding plaintiff's notifications that BENNETT and "Sanchez Asset Realty" were using defendant's internet auction site to further acts of fraud, defendant continued to allow Bennett and Sanchez to use the website to offer the Property to outside bidders.

4

19. On or about February 24, 2024, plaintiff seized the Property which was pledged collateral for the Reddy Note held by plaintiff, changed the locks, and hired a carpenter and painter to repair the damage done by Bennett and Foldy to the Property.

20. On or about March 13, 2024, Bennett and Foldy reappeared on the Property together with a locksmith associated with the non-party Bradley Lock LLC, again wrongfully seized the Property, ejected the painter and seized his paints and tools, changed the locks, and engaged in other wrongful and injurious acts, including inciting the Weston Police to arrest the painter on a charge of "criminal trespass." In consequence of these wrongful acts, plaintiff's efforts to restore the Property were impinged.

21. Whereupon, BENNETT and SANCHEZ again engaged defendant and again repeated re-listed the Property for sale by auction to a third-party Bidder, and again those Buyers refused to close as the Buyers discovered that Bennett and Sanchez had no authority to vend the subject Property in the first place.

22. On April 29, 2024, plaintiff again notified defendant in writing that it was participating in a fraudulent sale and plaintiff demanded defendant remove the Property listing from its website, to which defendant disconnected plaintiff from the interactive internet discussion and shut down the link.

23. Defendant continues to advertise the subject Property, which is collateral security for plaintiff's Note as a first-mortgage pledge, in the full aforeknowledge that Sanchez and Bennett are orchestrating a fraud and defendant is a willing participant therein.

## FIRST COUNT

1 – 23.   Paragraphs 1 through 23, inclusively, of the Complaint are herewith incorporated as if fully set forth as paragraphs 1 through 23, respectively, of this the First Count of the Complaint.

24.   At all material times, defendant knew, ought to have known, or could reasonably have foreseen that the persons engaging defendant as defendant's putative clients were engaging in egregious fraud and misrepresentation, and knew, ought to have known, or could reasonably have foreseen that the persons so engaging defendant were engaged in a deceit for their own enrichment, to the harms, losses and injuries of others including but not limited to plaintiff herein.

25.   Notwithstanding their aforeknowledge as described hereinabove, defendant recklessly, wrongfully, and with egregious arrogance proceeded to provide its website to the fraudulent actors and conspirators, and thereby enabled the actors to continue in their wrongful conduct.

26.   The persons behind Sanchez Asset Realty had no authority from plaintiff nor from the property owner Reddy to list the subject Property, which defendant knew, yet nonetheless defendant continued to accept the listings from Sanchez and Bennett, all to the harms, losses and injuries of plaintiff.

27.   Plaintiff demands money damages, general damages, special damages, and exemplary and punitive damages from defendant, within the jurisdictional limits of this Court.

**SECOND COUNT**

1 – 23.   Paragraphs 1 through 23, inclusively, of the First Count of the Complaint are herewith incorporated as if fully set forth as paragraphs 1 through 23, respectively, of this the Second Count of the Complaint.

24.   The acts and practices of defendant in continuing to provide an auction platform to the persons behind the mantle of Sanchez Asset Realty resulted in Sanchez continuing to break into the Property and continue to change the locks and prevent plaintiff from repairing the premises and allowing the owner Reddy to rent out portions thereof, thereby severing the income stream of rent payments that would have funded payments to plaintiff on his held Note.

25.   Plaintiff has suffered loss of income due in major part to defendants' reckless actions, for which plaintiff demands damages.

26.   Plaintiff demands money damages, general damages, special damages, and exemplary and punitive damages from defendant, within the jurisdictional limits of this Court.

**THIRD COUNT**

1 – 23.   Paragraphs 1 through 23, inclusively, of the Complaint are herewith incorporated as if fully set forth as paragraphs 1 through 23, respectively, of this the First Count of the Complaint.

24.   The acts and practices of Defendant act as an inducement, and did act as an inducement, and continue to act as an inducement, to the non-party criminal element Bennett and Sanchez to act and to continue to act in their wrongful and injurious behaviour in taking by strong hand the Property aforementioned that is collateral security for plaintiff's Note, and seeking to sell same on the internet website hosted by defendant herein, claiming said Property was "bank owned."

25. The inducements made by defendant have harmed plaintiff, and caused him to suffer losses and injuries, for which harms, losses and injuries defendant is liable in money damages to plaintiff.

26. Plaintiff demands money damages, general damages, special damages, and exemplary and punitive damages from defendant, within the jurisdictional limits of this Court.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as follows:

1.  An award in favor of Plaintiff against Defendants for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial, but including:

    a.  A sum certain as found by the trier of fact as compensation for the acts seeking to sell the Property, intended by the Obligor as security for the Note as complained of;

    b.  A sum certain as found by the trier of fact as compensation for the theft by conversion of the Property, intended by the Obligor as security for the Note as complained of;

    c.  A sum certain as found by the trier of fact as the value of the Note in controversy, which Defendants by their acts and practices have rendered uncollectable.;

    d.  Attorneys' fees and costs, on an attorney-client basis, as may be entrained;

    e.  Prejudgment and post-judgment interest at the maximum legal rate;

    f.  Injunctive relief Ordering the voiding of all Filings upon the Land Records of the Town of Weston placed thereon by Defendant or any person so associated with Defendant, alienating or slandering the Title of the subject Property herein, which Title is intended by the Obligor as security for the Note as complained of;

    g.  An Order requiring the Defendant to remove all postings made to its internet website by Defendants or persons under their direction and control relating to or regarding the Property as complained of;

h. Damages, general damages, special damages, and exemplary and punitive damages, as found by the trier of fact at trial;

i. Double and treble damages in conformance with the Unfair Trade Practices Act, C.G.S. §42-110(b) et seq.;

j. Such other and further relief as the Court may deem just and proper.

DATED:  Knox County, Maine
APRIL 29, 2024

BY THE PLAINTIFF,

_____
JAN VAN ECK
102 Main Street
St. George, Maine
207 – 542 - 9761