UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAN VAN ECK, | ) |
|     Plaintiff, | ) ) ) |
|     v. | ) )   No. 2:24-cv-00236-JAW |
| AUCTION.COM, INC. | ) ) ) |
|     Defendant. | ) |

**ORDER ON MOTION TO CHANGE VENUE AND MOTION TO REMAND**

The court denies a plaintiff's motion to remand a case to state court, because the defendant's notice of removal was timely and satisfied the $75,000 amount in controversy requirement. The court grants the defendant's motion for change of venue to the District of Connecticut because the property that is the subject of the lawsuit is located in Connecticut, the underlying litigation regarding the property took place in the state courts of Connecticut, the land records are located in Connecticut, and, with the exception of the plaintiff, all potential witnesses are in Connecticut.

**I.     PROCEDURAL HISTORY**

By complaint dated and filed on April 29, 2024, Jan Van Eck, a resident of Tenants Harbor, Maine, acting pro se, filed a cause of action against Auction.com, Inc. (Auction), a California corporation, in the Knox County Superior Court for the state of Maine, alleging that he is the owner of a promissory note and holder of a mortgage securing a residence located at 16 Briar Oak Drive, Weston, Connecticut and that Auction has interfered with his ownership rights to the property. *Notice of*

*Removal*, Attach. 1, *Compl.* (ECF No. 1); *State Ct. R.*, *Docket R.* at 1 (ECF No. 14). On July 9, 2024, Auction filed a motion to change venue of this case to the District of Connecticut. *Def.'s Mot. to Change Venue* (ECF No. 9) (*Def.'s Mot.*). Mr. Van Eck has not responded to the motion to change venue.

On August 6, 2024, Mr. Van Eck filed a motion to remand the case to the Knox County Superior Court. *Mot. for Remand* (ECF No. 15) (*Pl.'s Mot.*). On August 26, 2024, Auction filed its opposition to the motion for remand. *Def.'s Obj. to Pl.'s Mot. to Remand* (ECF No. 16) (*Def.'s Opp'n*). On September 5, 2024, Mr. Van Eck replied. *Pl.'s Reply Mem. to Def.'s Obj. to Remand* (ECF No. 17) (*Pl.'s Reply*).

## II. THE MOTION TO REMAND

### A. The Parties' Positions

#### 1. Jan Van Eck's Motion to Remand

In his motion to remand, Mr. Van Eck says that the case should be remanded to state court because Defendant's removal was "tardy and unavailable as a matter of law." *Pl.'s Mot.* at 1.[1] Mr. Van Eck says that on March 4, 2024, he sent an email notice to Auction, informing it that he was the owner of a note and mortgage on the Briar Oak Drive property and warning it that if it persisted in its attempts to sell Briar Oak Drive, he would be entitled to damages. *Id.* at 4. Then on April 29, 2024, Mr. Van Eck sent another email to Auction, this time attaching a copy of a "Proposed Suit (which was not yet served), which suit text comprises the Complaint at Bar." *Id.*

---

[1] Mr. Van Eck spends some time in his motion attacking the factual basis for Deutsche Bank's foreclosure of the Briar Oak Drive property. *Pl.'s Mot.* at 1-4. The merits of Mr. Van Eck's case do not form a basis for remand, and the Court has thus focused on his claims of tardiness and failure to meet the amount in controversy requirement which could require remand under the law.

2

at 5. Thus, Mr. Van Eck says, "no later than the first week of May, 2024, the legal department of Defendant Auction.com was on full Notice that they were on the cusp of being sued in this Complaint." *Id.* Having received an unsatisfactory response, Mr. Van Eck sent the complaint and summons to the sheriff for service. *Id.*

Based on these contentions, Mr. Van Eck maintains that Auction's Notice of Removal, which it filed on July 1, 2024, violated the thirty-day rule of 28 U.S.C. § 1446(b),[2] because the thirty-day period, according to Mr. Van Eck, commences when "defendant becomes aware of the claims in litigation being made against it." *Id.* at 6. In other words, Mr. Van Eck continues, "[t]he 30-day rule does not rest solely on formal Service; rather, the test is knowledge of the claims being made." *Id.* By Mr. Van Eck's figuring, Auction was aware of his claim by May 4, 2024 and therefore the July 1, 2024 Notice of Removal was almost "a month too late." *Id.* at 6-7.

Mr. Van Eck also claims that Auction failed to demonstrate that the claim meets the $75,000 amount in controversy requirement by failing to plead the amount in controversy. *Id.* at 7-8.

### 2. Auction's Response

On August 26, 2024, Auction filed its opposition to Mr. Van Eck's motion to remand. *Def.'s Opp'n* at 1-7. First, citing *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), Auction says that the United States Supreme Court has ruled that the thirty-day period for removal does not commence when the

---

[2] Mr. Van Eck cites 28 U.S.C. § 1441(b) as the source of the thirty-day requirement for removal. *Pl.'s Mot.* at 7. He is mistaken. The thirty-day requirement is found in 28 U.S.C. § 1446(b). The Court corrected his citation.

3

removing party has notice of the lawsuit, but when it is actually served. *Id.* at 4. As Auction was served on June 11, 2024, its July 1, 2024 Notice of Removal was timely. *Id.* at 5.

Next, regarding the $75,000 amount in controversy requirement, Auction notes that Mr. Van Eck in his complaint is seeking compensation for theft of the Briar Oak Drive property and to void the land record filings in the state of Connecticut relating to the Briar Oak Drive property. *Id.* at 5. As Auction presented evidence in its Notice of Removal that the Briar Oak Drive property has a fair market value of $577,850, the amount in controversy requirement, in Auction's view, has been met. *Id.*

### 3. Jan Van Eck's Reply

In his reply, Mr. Van Eck does not address the thirty-day issue but focuses solely on Auction's claim that the matter in controversy exceeds $75,000. *Pl.'s Reply* at 1-12. Mr. Van Eck accuses Auction of deliberately vandalizing the property so that its actual value is now less than $75,000. *Id.* To prove his point, Mr. Van Eck includes photographs of the Briar Oak Drive property, demonstrating, in his view, the "gratuitous vandalism" of the property. *Id.* at 3. Mr. Van Eck says that the only value of the Briar Oak Drive property is the value of the lot itself, offset by the cost of demolition and rubbish removal, and amounts to "no net realizable value." *Id.* at 10-11.

### B. Discussion

To remove a case from state to federal court, the law has two requirements relevant to the resolution of the motion to remand: (1) the thirty-day requirement, 28

4

U.S.C. § 1446(b)(1), and (2) the amount in controversy requirement. 28 U.S.C. § 1332(a).[3]

### 1. The Thirty-Day Period

In his motion to remand, Mr. Van Eck flatly asserts without citing any authority that the thirty-day period begins when the "defendant becomes aware of the claims in the litigation being made against it." *Pl.'s Mot.* at 6. Mr. Van Eck is plainly wrong. In *Murphy Brothers*, the United States Supreme Court rejected the very argument Mr. Van Eck is now making:

> We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

506 U.S. at 347-48. Since *Murphy Brothers*, the Court of Appeals for the First Circuit has followed suit. *See Novak v. Bank of N.Y. Mellon Trust, N.A.*, 783 F.3d 910, 911 (1st Cir. 2015) ("Construing the relevant statute, 28 U.S.C. § 1446(b)(1), the Supreme Court has held that a defendant's statutory period to remove does not begin to run, and a defendant is not <u>required</u> to remove, until the defendant has been served")

---

[3] In his reply, Mr. Van Eck raises for the first time questions about Auction's citizenship. *Pl.'s Reply* at 11-12. The Court has not addressed these arguments. *United States v. Tossi*, 897 F.3d 12, 14 (1st Cir. 2018) ("[I]ssues raised for the first time in . . . reply . . . are barred"); *United States v. Carbajal-Váldez*, 874 F.3d 778, 785 n.2 (1st Cir. 2017).
  Moreover, Mr. Van Eck's argument contradicts the allegation in paragraph three of his complaint. *See Compl.* ¶ 3 ("Defendant AUCTION.COM, INC. is upon information a California corporation incorporated originally on August 23, 1990 under docket number 1569666. Auction.com, Inc. maintains its principle place of business at 1 MAUCHLY, IRVINE, CA 92618").

5

(emphasis in original); *Danca v. Private Health Care Sys.*, 185 F.3d 1, 5 (1st Cir. 1999).

Mr. Van Eck served Auction with a copy of the complaint and summons on June 11, 2024. *See Notice of Removal*, Attach. 1, *Summons* at 2. Auction's Notice of Removal was filed on July 1, 2024, within thirty days. Mr. Van Eck's claim that the case should be remanded because Auction failed to comply with the thirty-day period is without merit.

### 2. The Amount in Controversy

Mr. Van Eck's second contention is that the amount in controversy does not equal at least $75,000 as required by 28 U.S.C. § 1332(a). *Id*. Mr. Van Eck is correct that federal law requires that the amount in controversy equal at least $75,000. 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.").

When a party questions the amount in controversy, "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount," *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 42 (1st Cir. 2012), and the "burden of supplying specific factual allegations to support the amount in controversy requirement." *Id*. When a case has been removed to federal court and that removal is challenged by the plaintiff, district courts in this circuit "have required the defendant to show by a preponderance of the evidence" that the amount

in controversy exceeds the jurisdictional requirement. *Doughty v. Hyster New England, Inc.*, 344 F. Supp. 2d 217, 219 (D. Me. 2004). In assessing the amount in controversy, the appropriate measure "is the litigation value of the case, an amount arrived at by drawing all reasonable inference in favor of the Plaintiff's Complaint." *Id.*

"The amount in controversy is determined 'on the basis of the facts and circumstances as of the time that an action ... arrives [in federal court] from a state court by way of removal.'" *Thomas v. Adecco USA, Inc.*, No. 1:13-cv-00070-JAW, 2013 U.S. Dist. LEXIS 165421, *11 (D. Me. Nov. 21, 2013) (quoting 14AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3702.4, at 457-61 (4th ed. 2011)).

Here, Mr. Van Eck made no specific monetary demand in his complaint. *Compl.* at 12-13. However, "[t]he fact that plaintiff did not request a specific amount in his complaint is not controlling." *Connolly v. Dorris*, No. 2:19-cv-00510, 2020 U.S. Dist. LEXIS 6093, at *4 (D. Me. Jan. 14, 2020), *aff'd* 2020 U.S. Dist. LEXIS 97769 (D. Me. June 4, 2020). "In fact, in Maine, a state court plaintiff's filing is not permitted to demand a specific amount in the complaint." *Id.* (citing 14 M.R.S. § 52). "The value of the claim to the plaintiff is unquestionably a proper measure." *Thomas*, 2013 U.S. Dist. LEXIS 165421, at *12 (citing *Glenwood Light & Water Co. v. Mut. Light, Heat & Power Co.*, 239 U.S. 121, 125 (1915) ("[T]he jurisdictional amount is to be tested by the value of the object to be gained by complainant").

7

Here, the value of the object to be gained by Mr. Van Eck is the value of the residence at Briar Oak Drive.  In his complaint, Mr. Van Eck alleges that Auction converted the residence at Briar Oak Drive and demands "[a] sum certain as found by the trier of fact as compensation for the theft by conversion of the Property." *Compl.* at 12.  Mr. Van Eck also demands:

> Injunctive relief Ordering the voiding of all Filings upon the Land Records of the Town of Weston placed thereon by Defendant or any person so associated with Defendant, alienating or slandering the Title of the subject Property herein, which Title is intended by the Obligor as security for the Note as complained of.

*Id.*

Here, the Court is satisfied that Auction has demonstrated that the value of the Briar Oak Drive residence exceeds $75,000.  Auction attached to the Notice of Removal the town of Weston's property card.  *Notice of Removal*, Attach. 2, *Land Prop. Card* at 1-3.  The town of Weston's appraisal of the value of the Briar Oak Drive residence effective June 26, 2024 was a grand total of $825,500.  *Id.* at 2.  The town appraised the land value at $341,400 and the building value at $484,100.  *Id.*  Even if the Court accepted Mr. Van Eck's unsupported assertion that the building has no value, the value of the land would greatly exceed $75,000, and the Court views with skepticism Mr. Van Eck's undocumented claim that the cost of demolition and rubbish removal would reduce the net value of the land to zero.  The Court finds that the amount in controversy is at least equal to $75,000, and that Auction has properly removed this case to federal court.

## III. MOTION FOR CHANGE OF VENUE

### A. The Parties' Positions

#### 1. Auction's Motion

In its motion to change venue, Auction contends that by initiating this complaint in the District of Maine, Mr. Van Eck is forum shopping, since he has previously lost "[m]ultiple judgments . . . rendered by Connecticut Courts" and his prior "efforts to initiate a Vermont federal proceeding resulted in a *Rooker-Feldman* dismissal." *Def.'s Mot.* at 2. Auction then reviews the standards for a change of venue, including "the convenience of the parties and witnesses," "the interest of justice," and transference to "any other district or division where it might have been brought." *Id.* at 4 (quoting 28 U.S.C. § 1404(a)). Auction argues that "a cause of action that arose in Connecticut related to Connecticut real property ought to be tried in Connecticut." *Id.* at 5.

Auction then addresses each of the traditional factors for a change of venue: (1) whether the action could have been brought in Connecticut, (2) whether the case merits transfer, (3) private interest factors, and (4) public interest factors. *Id.* at 5-10. Auction concludes that this is a "quintessentially Connecticut dispute," one that involves Connecticut real property, has been subject to multiple lawsuits and judgments in Connecticut, and "Connecticut courts [are] best-positioned to enforce those prior decrees." *Id.* at 10.

#### 2. Jan Van Eck's Opposition

Mr. Van Eck failed to respond to Auction's motion for change of venue.

9

### B. Discussion

#### 1. Jan Van Eck's Waiver

By failing to respond to Auction's motion for change of venue, Mr. Van Eck has run afoul of District of Maine Local Rule 7(b):

> Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection.

D. ME. LOC. R. 7(b). Based on Mr. Van Eck's failure to object alone, the Court could simply grant Auction its requested relief. Nevertheless, the Court reviewed Auction's motion to make certain that Auction's request for change of venue is appropriate and in accordance with the provisions of 28 U.S.C. § 1404(a).

#### 2. The Merits of the Motion

Motions for change of venue are controlled by federal statute:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "Not only does the burden of proof rest with the party seeking to transfer; there is a 'strong presumption in favor of the plaintiff's choice of forum.'" *Id.* at 13 (quoting *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000)).

A preliminary question is whether the present lawsuit could have been brought in the proposed transferee district. *See Hoffman v. Blaski*, 363 U.S. 335, 342-44 (1960) ("[T]he power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant, but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff."); *Schubert v. OSRAM AG*, 2013 U.S. Dist. LEXIS 19705, at *6) ("[A] district court may also transfer an action 'to any district or division to which all parties have consented'"). Here, if Mr. Van Eck had elected to bring this case in the District of Connecticut, he could have done so because the real property subject to the litigation is located in Connecticut and multiple lawsuits have been filed in Connecticut concerning the Briar Oak Drive property. This supports transfer.

The Court next considers whether transfer would aid "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). *See Jackson Nat. Life Ins. Co. v. Economou*, 557 F. Supp. 2d 216, 222 (D.N.H. 2008) ("[T]he convenience of the witnesses is probably the most important factor") (internal punctuation omitted). In Mr. Van Eck's complaint, he lists Walter Reddy, III; Teresa Bennett, a/k/a Teri Bennett; Luis Sanchez; Tom Foldy; Bradley Lock LLC; an unnamed painter; and members of the Weston Police Department as individuals or businesses with knowledge of the events underlying the lawsuit. *See Compl.* ¶¶ 1, 6, 13, 19, 20. Each is a Connecticut resident or business. *Id.* This factor weighs in favor of transfer.

A district's familiarity with the governing law is an additional factor for courts to consider. *See Van Dusen v. Barrack*, 376 U.S. 612 (1964). Here, Mr. Van Eck's

11

complaint involves significant prior litigation in the state of Connecticut, and Mr. Van Eck has raised numerous questions about the validity and finality of prior Connecticut litigation. Although the District of Maine could research and interpret Connecticut state law, the District of Connecticut is more familiar with Connecticut state law and Connecticut practice and procedure. This is especially true of Connecticut foreclosure law, and in the Court's view, this factor favors transfer. *See Gonzalez-Guzman v. Metro. Life Ins. Co.*, No. Civil 16-1946CCC, 2016 U.S. Dist. LEXIS 153156, at *8 (D.P.R. Oct. 31, 2016); *Jackson Nat. Life*, 557 F. Supp. 2d at 223.

Finally, Mr. Van Eck's complaint involves the disposition of real property in Connecticut. Connecticut has a greater interest than Maine in real property located in Connecticut. *See Jackson Nat. Life*, 557 F. Supp. 2d at 223 (discussing Florida's greater interest in the resolution over estate planning documents executed in Florida). This factor also supports transfer.

The only factor favoring this Court's retention of this case is the plaintiff's choice of forum. As noted earlier, the First Circuit has written that there "is a strong presumption in favor of the plaintiff's choice of forum." *Coady*, 223 F.3d at 11. However, the Court finds that Mr. Van Eck's choice of forum is mitigated by the fact, as alleged in his complaint, that he had purchased the note and mortgage of Mr. Reddy's Briar Oak Drive residence, presumably knowing that it was located in Connecticut, and that he had placed a lis pendens on the property, again using Connecticut land records to further his claim. *Compl.* ¶¶ 2, 5, 15. It should not come as a surprise to "an independent financier and Note Buyer," *id.* ¶ 2, that if he wishes

to enforce his alleged security rights to real estate, he might be required to litigate in the courts of the state where the real estate is located.

The Court concludes that Auction has sustained its burden of proof and has overcome the presumption of forum choice, and that the Court must grant its motion for transfer of venue to Connecticut.  Other than Mr. Van Eck's residency in the state of Maine, all other contacts and events connected to this controversy have arisen in the state of Connecticut, and, on balance, the factors favoring transfer are overwhelming.

### IV. CONCLUSION

The Court DENIES Jan Van Eck's Motion for Remand (ECF No. 15) and GRANTS Auction.com, Inc.'s Motion to Change Venue (ECF No. 9).  The Court ORDERS the Clerk's Office to transfer this case to the United States District Court for the District of Connecticut.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2024